# BINGHAM

RAJ MADAN
Direct Phone: 202.373.6681
Direct Fax:     202.373.6381
raj.madan@bingham.com

November 14, 2013

**Via ECF**

Hon. Richard Berman
Daniel Patrick Moynihan
United States Courthouse, Courtroom 12D
500 Pearl St.
New York, NY 10007-1312

Re: *Lehman Brothers Holdings Inc. v. United States*,
No. 1:10-cv-6200 (S.D.N.Y.)

Dear Judge Berman:

Plaintiff Lehman Brothers Holdings Inc. ("Lehman" or "Plaintiff"), Plaintiff-Intervenor The Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., *et al.* (the "Committee"), and Defendant United States of America (the "Government," and together with Plaintiff and the Committee, the "Parties") write jointly in advance of our November 18, 2013 conference to (1) inform the Court that the Parties have developed a settlement framework that resolves all but one of the issues in dispute in this case and therefore substantially narrows the issues to be adjudicated by this Court, and, as a result of this settlement framework, (2) propose a revised briefing schedule for the Parties' upcoming motions *in limine*.

**Settlement Framework**

As we explained to the Court in our letter dated August 16, 2013, and at the September 9, 2013, hearing, there are four issues in this case: (1) the 901(k) Issue that involves the interpretation of the U.S.-U.K. Tax Treaty, (2) the 231AA Issue that involves certain provisions of U.K. law, (3) the Economic Substance Issue that involves the application of common-law doctrines to evaluate the economic effects and profitability of the Stock Loan Transactions, and (4) the Penalty Issue. Since we last appeared before the Court on September 9, 2013, the Parties have jointly developed a settlement framework to resolve all claims and defenses related to three of the four issues: the 231AA Issue, the Economic Substance Issue, and the Penalty Issue. Pursuant to this settlement framework, the Parties intend to file a stipulation conclusively resolving their claims and defenses on these three issues, leaving only the 901(k) Issue for adjudication by the Court.

Beijing
Boston
Frankfurt
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
2020 K Street NW
Washington, DC
20006-1806

T +1.202.373.6000
F +1.202.373.6001
bingham.com

Judge Berman
November 14, 2013
Page 2

This settlement approach is different from the "bifurcation approach" the Parties proposed to the Court earlier this year in that the bifurcation approach did not resolve with finality the three remaining issues in the case. Under the bifurcation approach, the Parties could only represent to the Court that if the case was bifurcated and the 901(k) Issue was litigated first, the Parties were confident that they could eventually settle the three remaining issues. The current settlement framework is different in that the three remaining issues would be conclusively resolved with finality.

Another benefit of this settlement framework is that the 901(k) Issue is a relatively narrow issue that can be presented through briefing and the potential testimony of just three expert witnesses.[1] Because all other claims and defenses will be conclusively resolved as a result of the settlement approach described herein, the Court's ultimate decision on the 901(k) Issue will resolve the entire case. This approach will avoid a lengthy trial on the more fact-intensive Economic Substance Issue, and will permit the Court to avoid certain issues of foreign law.

While the Parties have jointly developed this settlement framework, Lehman, the Committee, and the Government must obtain approval from certain constituents to finalize the settlement and resolve the settled issues with finality. Several such levels of review and approval have already been completed. Specifically, Lehman has obtained approval from its board of directors, the Government has initiated the process of obtaining the approval of the Assistant Attorney General for the Tax Division, and the Committee has given its approval. Before the settlement can be finalized, it must be approved by the Assistant Attorney General for the Tax Division and by the Bankruptcy Court, and further must be reviewed by Congress's Joint Committee on Taxation. The Parties are committed to obtaining these approvals and reviews as expeditiously as possible.

There is nothing unusual about this approval process (other than receipt of Bankruptcy Court approval), as this is the process the Parties would have to undertake for approval to settle any similar tax dispute in litigation. Lehman and the IRS have administratively already settled with finality forty-three out of forty-four issues, involving approximately $3 billion of disputed tax liability, relating to Lehman's consolidated tax return and in that process Lehman and the Government obtained approvals from the Bankruptcy Court and Congress's Joint Committee on Taxation.

---

[1] The Government has indicated that it anticipates filing a motion *in limine* seeking to exclude Lehman's two expert witnesses on the 901(k) Issue, which motion Lehman will oppose.

Judge Berman
November 14, 2013
Page 3

### Proposed Briefing Schedule for Motions *in Limine*

The current briefing schedule calls for omnibus motions *in limine* to be submitted on November 25, with responses on December 26 and replies on January 9.[2] Originally, the Parties intended to file motions *in limine* on several issues, including some of the issues that would be dismissed as part of the settlement framework. To save litigant and judicial resources, in light of the settlement framework the Parties propose to limit the motions *in limine* to only those relevant to the 901(k) Issue and propose the following schedule:

- December 4: The Government files its motion *in limine* to exclude expert testimony from Lehman's experts relevant to the 901(k) Issue, Steven Hannes and David Foster

- December 23: Lehman files its response to the Government's motion

- January 13: The Government files its reply

- By January 31:
    - Lehman expects to obtain Bankruptcy Court approval
    - The Government updates the Court on approval status

- February 11: Scheduled Pre-Trial Conference. The Parties will update the Court on the status of the approval process

The Parties are in agreement that implementing the settlement framework and adjudicating only the 901(k) Issue is the most efficient path forward for this case. We are seeking to obtain the required approvals and review as quickly as possible, with the understanding that the time and effort spent obtaining these approvals will facilitate the ultimate resolution of this case.

---

[2] The originally ordered dates of November 16, December 6, and December 20 were each tolled for 17 days due to the lapse of congressional funding for the Federal Government. *See* Order In re Stay of Certain Civil Cases Pending the Restoration of Department of Justice Funding (Oct. 1, 2013). The currently scheduled dates were further clarified by the Court in telephone conversations with counsel to the Government and the Plaintiff on November 12, 2013.

Judge Berman
November 14, 2013
Page 4

We look forward to discussing the above matters with the Court at the upcoming conference.

Respectfully,

*Raj Madan / KRS*

Raj Madan
Counsel for Plaintiff

cc (via email): Jean-David Barnea, Counsel for the Government
James Nicholas Boeving, Counsel for the Government
Amy Barcelo, Counsel for the Government
Stacey J. Rappaport, Counsel for the Committee