UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Lehman Brothers Holdings, Inc.,                :
                                               :
                Plaintiff,         :
                                               :
  and                                        :    10 Civ. 6200 (RMB)
                                               :
Official Committee of Unsecured                :
Creditors of Lehman Brothers                   :    **DECISION & ORDER**
Holdings, Inc. et al.,                         :
                                               :
             Plaintiff-Intervenor         :
                                               :    USDC SDNY
  -against-                                   :    DOCUMENT
                                               :    ELECTRONICALLY FILED
                                               :    DOC #: _____
United States of America,                      :    DATE FILED: **2/24/14**
                                               :
                Defendant.         :
------------------------------------------------------------X

       Before the Court is the Government's motion in limine, dated December 4, 2013, to preclude David Foster and Steven Hannes (the "Experts") from providing expert and factual testimony at trial in this action, scheduled by the Court for July 15, 2014. The case concerns "the interpretation of the Convention for the Avoidance of Double Taxation and Prevention of Fiscal Evasion with Respect to Taxes on Income and Capital Gains," a bilateral treaty signed by the United States and the United Kingdom in 1975 (the "Treaty"). (Mem. of Law in Supp. of the Gov. Mot. In Limine, dated Dec. 4, 2013 ("Gov. Mot.") at 1.)

       Mr. Foster was an employee of the U.S. Treasury Department from 1972 to 1977, during which he served as Deputy International Tax Counsel and Director of the Office of International Tax Affairs. (Expert Report of David Foster (Decl. of Kiara Rankin in Supp. of Pl.'s Opp. to Gov. Mot. In Limine, dated Dec. 23, 2013 ("Rankin Decl."), Ex. D) at 2.) During his time in the

Treasury Department, Mr. Foster "worked on income tax treaties with more than twenty countries," and "was an integral part of the Treasury Treaty team throughout the development of the Treaty in the 1974 to 1977 period." (Id.) Mr. Hannes was an employee of the U.S. Treasury Department from 1975 to 1982, during which he was involved in "negotiating income tax treaties and protocols with the following countries: Argentina, Canada, Cyprus, Germany, Jamaica, Nigeria, Norway, Switzerland and the United Kingdom." (Expert Report of David Foster (Ex. E to Rankin Decl.) at 2.) Mr. Hannes' work on the Treaty "included helping to prepare the Treasury's Technical Explanation for the Treaty." (Id. at 3.)

In its motion, the Government argues, among other things, that (a) the Experts' testimony should be precluded because they "have been retained to opine on . . . the proper legal interpretation of the U.S.–U.K Tax Treaty," and their expert testimony is therefore "confined to a question of law;" (b) the Experts' "factual testimony is inadmissible because [they] lack the requisite personal knowledge," "Lehman did not disclose [the Experts] as having relevant discoverable factual information at any time during fact discovery," and the Experts "have received substantial payment for their testimony;" and (c) "[t]o the extent [the Experts] are permitted to testify, any such testimony should be confined to the scope of the [Dec. 4, 2012] authorization issued by the Treasury Department [in which it 'decline[d] to authorize any testimony that relies upon or purports to describe the . . . Government's internal deliberations']" because "permitting testimony beyond that authorized by Treasury would reveal deliberative material." (Gov. Mot. at 7, 15–16, 19–20; Letter from Danielle Rolfes to Hartman E. Blanchard, Jr., dated Dec. 4, 2012 (Decl. of Mark J. Mazur, dated Dec. 3, 2013, Ex. C) at 1.)

On December 23, 2013, Lehman filed its opposition to the Government's motion, arguing, among other things, that: (a) the Experts do not offer "mere legal interpretations"

2

because their "proposed testimony . . . provides the Court helpful information regarding the customs, practices, and policies relevant to understanding the Treaty;" (b) "[i]f Mr. Hannes had adequate personal knowledge to testify on behalf of the Government regarding the intent of the Treaty negotiators in [the Snap-On case], that personal knowledge does not disappear when he testifies regarding the same Treaty for the taxpayer rather than the Government;" and (c) the Treasury Department's Touhy regulations "do not apply to expert testimony of former government employees where, as here, the United States is the party adverse to the proponent of the testimony." (Pl. Opp'n to Gov. Mot. In Limine, dated Dec. 23, 2013 ("Pl. Opp'n") at 13–16, 18.) On January 20, 2014, the Government filed its reply memorandum, (Reply Mem. of Law in Further Supp. of Gov. Mot. In Limine, dated Jan. 20, 2014, at 1), and oral argument was held on February 11, 2014. (Hr'g Tr., dated Feb. 11, 2014, at 6:18–21:17.)

**The Government's motion is granted in part and denied in part, as follows:[1]**

(**1**)     The Court will, subject to the limitations below, accept the proposed testimony of the two Experts in the form of affidavits totaling 20 pages (double-spaced). The Government may submit a 10-page affidavit containing the proposed testimony of its expert witness.

(**2**)     The witness affidavits may not include: **a)** legal conclusions regarding the interpretation of the Treaty, U.S. v. Bilzerian, 926 F.2d 1285, 1294 (2d Cir. 1991) ("[A]lthough an expert may opine on an issue of fact within the jury's province, he may not give testimony stating ultimate legal conclusions based on those facts."); U.S. v. Lavi, 168 F. App'x 454, 456 (2d Cir. 2006) ("[E]xperts are not permitted to present testimony in the form of legal conclusions." (internal quotation marks omitted)); or **b)** fact testimony for which the Experts are being compensated, Prasad v. MML Investors Services, Inc., No. 04 Civ. 380, 2004 WL

---

[1] Any issues not specifically addressed herein were reviewed on the merits and rejected.

1151735, at *5 (S.D.N.Y. May 24, 2004) (noting the "strong public policy against payments to fact witnesses" beyond "payment related to the witness' expenses and reimbursement for time lost associated with the litigation."); or c) material that is privileged, including the deliberative process privilege. See Tigue v. U.S. Dept. of Justice, 312 F.3d 70, 76 (2d Cir. 2002) ("[T]he deliberative process privilege . . . 'covers documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" (quoting Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8 (2001)); In re World Trade Center Disaster Site Litig., No. 21 MC 100, 2009 WL 4722250, at *3 (S.D.N.Y. Dec. 9, 2009) (applying deliberative process privilege to "[t]estimony . . . regarding [intra-agency] thoughts and deliberations").

(3)     The Court rejects Lehman's position, asserted without citation to authority, that the deliberative process privilege has been waived by virtue of the Government's submission of Mr. Hannes' "similar" witness affidavit in the 1992 Snap-On case. (Pl. Opp'n at 16.) See Marisol A. v. Giuliani, No. 95 CIV. 10533, 1998 WL 132810, at *8 (S.D.N.Y. March 23, 1998) ("[T]he 'release of a document only waives [the deliberative process privilege] for the document or information specifically released, and not for related materials.'" (quoting In re Sealed Case, 121 F.3d 729, 741 (D.C. Cir. 1997)); General Elec. Co. v. Johnson, No. Civ.A.00-2855, 2006 WL 2616187, at *17 (D.D.C. 2006) ("There is no authority for applying the [subject-matter] waiver rule to the deliberative process privilege.").

(4)     The Government will have the opportunity to object to any Experts' testimony in its post-trial Findings of Fact and Conclusions of Law, and the Court reserves its discretion to strike such testimony on any applicable grounds. See Tiffany (NJ) Inc. v. eBay, Inc., 576 F. Supp. 2d 457, 458 n.1 (S.D.N.Y. 2007) ("In the context of a bench trial where there is not a

4

concern for juror confusion or potential prejudice, the court has considerable discretion in admitting the proffered testimony at the trial and then deciding after the evidence is presented whether it deserves to be credited by meeting the requirements of Daubert and its progeny.")

Dated: New York, New York
      February 24, 2014

                                                RICHARD M. BERMAN, U.S.D.J.