USDC SDNY
DOCUMENT Bernon, R
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/14/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re

LEHMAN BROTHERS HOLDINGS INC., *et al.*,

    Debtors.

No. 08-13555 (JMP)

LEHMAN BROTHERS HOLDINGS INC.,
    Plaintiff,

and

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF LEHMAN BROTHERS
HOLDINGS INC. ET AL.,
    Plaintiff-Intervenor,

v.

UNITED STATES OF AMERICA,
    Defendant.

No. 10 Civ. 6200 (RMB)(FM)

## JOINT STIPULATION AND PROPOSED ORDER

WHEREAS, plaintiff Lehman Brothers Holdings Inc. ("Plaintiff"), plaintiff-intervenor Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc. (the "Committee"), and defendant the United States of America (the "Government") (collectively, the "Parties") desire to resolve certain disputed issues with finality regarding the Stock Loan Adjustments (as defined further below); and

WHEREAS, the Stock Loan Adjustments (as defined further below) arise from certain transactions in 1999 and 2000 in which Lehman Brothers Inc. ("LBI"), at the time a wholly owned subsidiary of Plaintiff and member of Plaintiff's consolidated tax group, lent stock issued by corporations resident in the United Kingdom (and American Depository Receipts representing

such stock) to Lehman Brothers International (Europe) plc ("LBIE"), and received "substitute dividend" payments (also referred to as "in lieu" payments) from LBIE with respect to such stock (the "Stock Loan Transactions"); and

WHEREAS, Plaintiff claimed foreign tax credits for U.K. taxes that LBI incurred on the receipt of these payments in the Stock Loan Transactions (the "Stock Loan Foreign Tax Credits"); and

WHEREAS, the Internal Revenue Service ("IRS") disallowed the Stock Loan Foreign Tax Credits, reduced taxable income in an amount equal to the disallowed Stock Loan Foreign Tax Credits ("Taxable Income Reduction") and asserted penalties under I.R.C. § 6662 (the "Asserted Penalties") (collectively, the "Stock Loan Adjustments"), as set forth below:

| Taxable Year | Disallowed Stock Loan FTCs ($) | Taxable Income Reduction ($) | Asserted Penalties ($) |
|---|---|---|---|
| 1999 | 45,859,270 | 45,859,270 | 5,961,705 |
| 2000 | 95,553,341 | 95,553,341 | 12,421,934 |

WHEREAS, Plaintiff and the Internal Revenue Service will enter into a Closing Agreement for claimed foreign tax credits relating to similar stock loan transactions for the taxable years 2001 through 2004, inclusive, as provided below; and

WHEREAS, the Parties' dispute regarding the Stock Loan Adjustments is divided into the following four issues:[1]

    a.    The issue of whether 26 U.S.C. § 901(k) applies by operation of Articles 10(2)(a)(iii) and 23(1) of the Convention for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income and

---

[1] These descriptions are solely intended to identify the pertinent issues for purposes of the stipulation and are not intended to be construed as admissions by any party.

2

Capital Gains, U.S.-U.K., Dec. 31, 1975, 31 U.S.T. 5668 (the "Treaty") to disallow the foreign tax credits claimed by Plaintiff (the "901(k) Issue");

b. The issue of whether or not Plaintiff should be treated, under Article 10(2)(a)(ii) of the Treaty, as having received "a payment from the United Kingdom" and as having been subject to the deduction withheld from such payment for tax payable to the United Kingdom, in light of the provisions of Section 231AA of the United Kingdom Income and Corporation Taxes Act 1988 (the "231AA Issue");

c. The issue of whether common law doctrines, such as the economic substance or step transaction doctrines, apply to disallow the foreign tax credits claimed by Plaintiff (the "Economic Substance Issue"); and

d. The issue of whether Plaintiff is liable for accuracy-related penalties attributable to a substantial understatement or negligence or disregard of rules or regulations under 26 U.S.C. § 6662 in connection with the Stock Loan Adjustments (the "Penalty Issue").

NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

1. Only the 901(k) Issue will continue to be adjudicated before the Court, and the resolution of that issue will be governed by the Court's judgment on that issue (or the judgment of the highest relevant court of appellate jurisdiction), unless the parties otherwise agree to resolve the 901(k) Issue in any future settlement.

2. The Parties hereby withdraw all claims and defenses applicable to the 231AA Issue, the Economic Substance Issue, and the Penalty Issue. Specifically, the Government hereby concedes Plaintiff's claim for a refund related to the Penalty Issue and Plaintiff will be

entitled to a refund of all amounts previously paid by Plaintiff to the Government on account of the Asserted Penalties. The Government will no longer prosecute, pursue, or argue the 231AA Issue, the Economic Substance Issue, or any other challenge to the Stock Loan Adjustments, other than the 901(k) Issue.

3. The evidence introduced or relied upon by the parties in resolving the 901(k) Issue shall be limited to the evidence relevant to the 901(k) Issue. For example, evidence solely relevant to the Economic Substance Issue shall not be admitted during the resolution of the 901(k) Issue.

4. If the Court enters final judgment for the Plaintiff following adjudication of the 901(k) Issue (including the resolution of any applicable appeals):

    a. Plaintiff will be entitled to 47.5% of the claimed Stock Loan Foreign Tax Credits in each year. Specifically, Plaintiff will be entitled to $21,783,153 of the $45,859,270 in Stock Loan Foreign Tax Credits claimed in the 1999 taxable year, and to $45,387,837 of the $95,553,341 in Stock Loan Foreign Tax Credits claimed in the 2000 taxable year; and

    b. Plaintiff will increase its taxable income in the amount of the allowed Stock Loan Foreign Tax Credits in each year. Specifically, Plaintiff will increase taxable income by $21,783,153 in the 1999 taxable year, and by $45,387,837 in the 2000 taxable year.

    c. Plaintiff and the IRS will enter into the Closing Agreement attached hereto as Exhibit A.

5. If the Court enters final judgment in favor of the Government following adjudication of the 901(k) Issue (including the resolution of any applicable appeals):

4

a. Plaintiff will be entitled to none of the claimed Stock Loan Foreign Tax Credits.

b. Plaintiff will not increase its taxable income in the 1999 or 2000 taxable years.

c. Plaintiff and the IRS will enter into the Closing Agreement attached hereto as Exhibit B.

6. Any resulting overpayment or underpayment for the 1999 and 2000 taxable years shall be determined on the basis of (1) the adjustments agreed to in paragraphs 5 or 6, above, and (2) any carryover or carryback of any loss, credit, or other tax attribute from other taxable years.

7. Upon the issuance of any final judgment on the 901(k) Issue by the Court, the Parties will retain all appellate rights provided by the U.S. Code, the Federal Rules of Civil Procedure, and the Federal Rules of Appellate Procedure.

Agreed to by:

Dated: May 13, 2014
Washington, D.C.

BINGHAM McCUTCHEN LLP
*Counsel for Plaintiff*

By: _____
Rajiv Madan
Christopher P. Bowers
Hartman E. Blanchard, Jr.
Kiara L. Rankin
Kevin R. Stults
2020 K Street, N.W.
Washington, DC 20006
Telephone: (202) 373-6000
Facsimile: (202) 373-6001

5

Dated: May 13, 2014
New York, New York

PREET BHARARA
United States Attorney
Southern District of New York
*Counsel for the United States of America*

By: _____
Jean-David Barnea
James Nicholas Boeving
Amy A. Barcelo
Assistant United States Attorneys
86 Chambers Street, 3rd floor
New York, NY 10007
Telephone: (212) 637-2679/2745/6559
Facsimile: (212) 637-2717


Dated: May __, 2014
New York, New York

MILBANK, TWEED, HADLEY &
McCLOY LLP
*Counsel for Plaintiff-Intervenor The Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.*

By: _____
Stacey J. Rappaport
Rachel Penski Fissell
Jacob Jou
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219


SO ORDERED.

_____   5/14/14
HON. RICHARD M. BERMAN          Date
U.S. District Judge

6

Dated: May __, 2014
New York, New York

PREET BHARARA
United States Attorney
Southern District of New York
*Counsel for the United States of America*


By: _____
Jean-David Barnea
James Nicholas Boeving
Amy A. Barcelo
Assistant United States Attorneys
86 Chambers Street, 3rd floor
New York, NY 10007
Telephone: (212) 637-2679/2745/6559
Facsimile: (212) 637-2717


Dated: May 13, 2014
New York, New York

MILBANK, TWEED, HADLEY &
McCLOY LLP
*Counsel for Plaintiff-Intervenor The Official
Committee of Unsecured Creditors of Lehman
Brothers Holdings Inc., et al.*

By: /s/ Stacey Rappaport
Stacey J. Rappaport
Rachel Penski Fissell
Jacob Jou
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219


SO ORDERED.

_____     _____
HON. RICHARD M. BERMAN       Date
U.S. District Judge

6